KATIE ERN, Appellant, v. SAMUEL RUBINSTEIN, Respondent.

St. Louis Court of Appeals, November 23, 1897.

1. **Promissory Note:** POSSESSION: FRAUD: EVIDENCE: ONUS.    The possession of a check or other negotiable instrument is but *prima facie* evidence of good title, which may be rebutted by proof of fraud, or of strong circumstances from which fraud may be presumed; and when such proof is made the *prima facie* case is overcome, and the burden is then shifted upon the holder to show that he is an innocent holder for value.

2. **Witness**: IMPEACHMENT BY INCOMPETENT TESTIMONY. The credibility of a witness can not be impeached upon irrelevant and incompetent testimony.

3. **Instruction.** An instruction singling out a particular fact, and ignoring a defense, which, if true, was a good defense, was properly refused.

4. ——. An instruction asked covered by an instruction given by the court of its own motion was also properly refused.

5. **Jury**: MISCONDUCT: OBJECTION TOO LATE, WHEN. An objection to the alleged misconduct of a juror during the trial, and when the jury were under the immediate supervision of the court, comes too late when made for the first time on a motion for new trial. *State v. Blunt*, 110 Mo. 322.

6. **Attorneys**: ARGUMENT. Argument of counsel in exact line with the testimony, as stated in the bill of exceptions, is unobjectionable.

*Appeal from the St. Louis City Circuit Court.*—HON. PEMBROOK R. FLITCRAFT, Judge.

AFFIRMED.

*John H. Boogher* and *Perry Post Taylor* for appellant.

The check sued on is a negotiable instrument and governed by the same principles which govern ordinary bills of exchange in respect to the rights of the holder. *Kavanaugh v. Bank*, 59 Mo. App. 547; *Burns v. Kahn*, 47 *Id.* 215.

It imported a consideration. *Newcomb v. Jones*, 37 Mo. App. 478; *Singer v. Dieckneite*, 51 *Id.* 245.

A *prima facie* case was made out upon its introduction. *Feurt v. Ambrose*, 34 Mo. App. 360; *Ashbrook v. Letcher*, 41 *Id.* 371; *Newcomb v. Jones, supra*.

After a *prima facie* case is made out, then the burden is on the defendant. *Sappington v. R'y*, 14 Mo. App. 86.

Possession of a check or note is *prima facie* evidence that it was . acquired in good faith and in the regular course of business. *Grelle v. Loxen*, 7 Mo. App. 97; *Priest v. Way*, 87 Mo. 30. And the burden is on the defendant to show the contrary. *Lachance v. Loeblein*, 15 Mo. App. 460.

Defendant relying upon want of consideration, in an instrument that imports a consideration, must prove it. *Montgomery Co. v. Auchley*, 103 Mo. 499; *Hammett v. Barnam*, 30 Mo. App. 299; *Rittenhouse v. Ammerman*, 64 Mo. 197.

The burden was on defendant to show that there was no delivery, or no consideration, or that there was fraud. *Arboum v. Anderson*, 1 Am. and Eng. Ency. (N. S.) 504; *Wyer v. Dorchester, etc.*, 11 Cush. 52. See, also, case cited, *supra*, and *Livery Co. v. McKelvy*, 55 Mo. App. 242.

The court erred in refusing plaintiff's instruction number 1. See cases *supra*.

The court erred in giving instruction number 8 on its own motion. See cases *supra*.

The court erred in refusing an instruction covering a material portion of plaintiff's case. *Stanfield v. Loan Ass'n*, 53 Mo. App. 595.

The court erred in refusing plaintiff's instruction number 7. *Semple v. Crouch*, 8 Mo. App. 125. Also in refusing plaintiff's instruction number 9. *State v. Mounce*, 106 Mo. 227.

Counsel should confine their arguments to the evidence. *Fathman v. Tumility*, 34 Mo. App. 236; *Sidekum v. R'y*, 93 Mo. 400; *Bishop v. Hunt*, 24 Mo. App. 373; *Evans v. Trenton*, 112 Mo. 390; *Ensor v. Smith*, 57 Mo. App. 584.

Misconduct of the jury is properly raised by affidavits on a motion for new trial. *State v. Latimer*, 116 Mo. 524. See, also, *Kennedy v. Holladay*, 105 Mo. 36.

*M. Kinealy* and *R. S. MacDonald* for respondent.

When the defendant has shown strong circumstances of fraud in the origin of the instrument, the necessity of showing that he gave value for it before maturity is cast upon the holder. *Hamilton v. Marks*, 63 Mo. 179; 4 Am. and Eng. Ency. Law [2 Ed.], and notes.

"When any facts essential to show error are omitted from the bill of exceptions, the court will refuse to review the point excepted to, as the presumption is, that the action of the trial court is correct." 3 Ency. Pl. and Prac. 512.

The complaint as to the remarks imputed to defendant's counsel in his address to the jury do not warrant a reversal of the judgment. *Nichols & Shepherd Co. v. Metzger*, 43 Mo. App. 607.

Even if the conduct of the jurors were shown to be reprehensible and injurious to appellant, he is not in a position to complain here, and could not claim it as a ground for a new trial in the court below. *Selleck v. Turnpike Co.*, 13 Conn. 453; *Onok v. Ins. Co.*, 21 Pick. 457; *Hubert v. Shaw*, 11 Mich. 118; *Bullmer v. People*, 95 Ill. 394; *Rowe v. Canney*, 139 Mass. 41; *State v. Nichols*, 29 Minn. 357.

BLAND, P. J.—Suit was begun before a justice of the peace upon a check dated November, 1895, drawn upon the Merchants' Laclede National Bank by defendant, Samuel Rubinstein, in favor of Samuel Rosenthal, for the sum of $345, and indorsed by Rosenthal to the plaintiff, Katie Ern. Plaintiff recovered judgment in the justice's court, from which an appeal was taken to the circuit court, where on a trial *de novo* by a jury a verdict was found for defendant, from which the plaintiff duly appealed to this court.

The check was in due time presented to the drawee, payment refused, and the interest was protested for nonpayment.

It was admitted on the trial that any defense which would be available against the check in the hands of the payee Rosenthal, was available against the plaintiff Katie Ern. Rubinstein's defense to the check was that the check was never delivered to Rosenthal; that Rosenthal, without the knowledge of Rubinstein, wrote his own name in the check and the amount of the check, and that nothing was given in consideration for the check.

The evidence is not preserved in the bill of exceptions. A skeleton bill is all there is before us. In this it is stated that the evidence tended to prove that Samuel Rubinstein could only write his name; that he wrote his name as drawer of the check in suit; that one Samuel Rosenthal, without the knowledge or consent of Rubinstein and by means to him unknown, got possession of the check, and that he without the knowledge or consent of Rubinstein wrote the name of Samuel Rosenthal in the body of the check as payee, and wrote the words three hundred and forty-five before the printed word "dollars" in the check, and that Rubinstein got nothing whatever for the check, and that Rosenthal, without consideration, delivered the check to the appellant, Katie Ern. On the part of appellant the evidence tended to prove that Rubinstein went to the house of Rosenthal and wanted to borrow $350; that Rosenthal told him he did not have the money, but that his wife had $345 that he could have, and that that amount of money was paid over to him and the check delivered to Rosenthal, with instructions to write his own name in as payee and to write the amount in the body of the check, which he did.

PROMISSORY note: possession: fraud: evidence: onus.

It seems that much evidence was heard as to subsequent trades and money transactions between Rosenthal and Rubinstein. This is not preserved in the record, however, and we are unable to see upon what theory it was admitted, as no counterclaim or set-off was pleaded by Rubinstein. The principal contention of the appellant is, that the court by its instructions cast the burden of proof upon the plaintiff to show the delivery of the check to Rosenthal, and that he gave value for it, and cites many authorities to the effect that possession of a check or other negotiable instrument is *prima facie* evidence that it was acquired in good faith and in the regular course of business. This rule, so far as we are advised, is a universal one in American and English commercial law. But counsel for appellant seems to have overlooked the fact that such possession is but *prima facie* evidence of good title and may be rebutted or overthrown by proof of fraud, or by the proof of strong circumstances from which fraud may be presumed.

When such proof is made, the *prima facie* case that the instrument was acquired in good faith and in the usual course of trade is overcome and the burden is then shifted upon the holder to prove that his holding is innocent and for value. 1 Dan'l on Neg. Inst., sec. 815. For a review of authorities and a full discussion of this subject, see *Hamilton v. Marks*, 63 Mo. *loc. cit.* 178, 179, 180.

Appellant complains of the refusal of the court to give instruction number 7 asked by her. The latter clause of this instruction tells the jury that the evidence relating to other transactions between Rubinstein and Rosenthal, should not be considered for any purpose, except in so far as it may have a bearing on the question of the credibility of the witness.

WITNESS: impeachment by incompetent testimony.

The credibility of a witness can not be impeached upon irrelevant and incompetent testimony. Testimony that is not relevant to any issue in the case can not be made the vehicle to convey the credibility of a witness into the jury box. For this reason the instruction was properly refused.

Instruction number 2 asked by appellant was properly refused. It singled out the fact that Rosenthal wrote his name in the check as payee, did not invalidate the check. The defense was that he did this without authority of the drawer and with the intent to defraud. This defense, if true, was a good one, but it is ignored by the instruction, and was properly refused.

INSTRUCTION.

Instruction number 9 asked by appellant and refused by the court was covered by an instruction given by the court of its own motion. The instruction given by the court of its own motion fully covered all the issues in the case and are unobjectionable.

INSTRUCTION.

Counsel for appellant alleged misconduct of the jury during the trial of the cause and filed an affidavit in support thereof. All that the affidavit contains which is not satisfactorily explained is, that one of the jurymen during the trial approached the counsel for appellant and said to him, "Will you finish next week, because when you do we will want four days more to decide the case." The language indicates that the juryman who used it was impatient on account of the extraordinary length of time that had been consumed in the hearing of irrelevant, incompetent and useless testimony on the trial, and not that he was prejudiced against the appellant. Even if this had been misconduct, it took place during the trial, when the jury were under the immediate supervision of the court, and it

JURY: misconduct.

was the duty of the appellant to have called the attention of the court to the alleged misconduct at the time, so as to have given the court an opportunity to have properly dealt with the juryman. Having failed to do this, it was too late to call attention to it for the first time by his motion for a new trial. *State v. Blunt*, 110 Mo. 322.

The argument of R. S. McDonald, counsel for respondent, to the jury, as it is stated in the affidavit of appellant, was in exact line with the testimony as stated in the bill of exceptions, and was therefore unobjectionable. We find no prejudicial error in the record and affirm the judgment. All concur.